Dear Mr. Hamilton:
This letter is in response to your questions asking:
 A. When a city, which is not a constitutional charter city has entered into a contract with a county collector, a county clerk and the county court of a second class county, whereby the county collector is to collect all property taxes for the city, are the proceeds of the contract payable to the county collector individually or are they payable into the general revenue of the county?
 B. If the said proceeds are payable into the general revenue of the county, may the proceeds or any part of them, be distributed as salary to the county collector?
We note that you refer to a city of the third class, and it is clear that such cooperative action is authorized by the statutes. § 77.370, RSMo.
It is also clear that there is express statutory authorization for the collector of a second class county to be paid additional compensation where there is such a contract involving a constitutional charter city. § 52.420.3, RSMo. However, the city you refer to is not a constitutional charter city.
In Att'y Gen. Op. No. 23, Kuhlman, January 21, 1970, this office concluded, among other things, that any consideration paid pursuant to a cooperative agreement contract for the extension of taxes between the county clerk of Clay County and the municipalities of Clay County must be paid into the county treasury. Likewise, in Att'y Gen. Op. No. 530, McKenzie, December 10, 1970, this office concluded, among other things, that all compensation paid by the City of Hannibal for the services of the assessor, his deputies and clerks under a similar cooperative agreement, are required to be paid to Marion County and deposited in the county treasury. We enclose copies of these opinions.
It is therefore our view that the money which the county collector receives pursuant to such contract must go into the county treasury.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosures Att'y Gen. Op. No. 23, Kuhlman, 1/21/70 Att'y Gen. Op. No. 530, McKenzie, 12/10/70